**OPINION**

JOSEPH S. LORD, III, Senior District Judge.

Plaintiff, a *pro se* prisoner, has brought suit under 42 U.S.C. § 1983 and § 1985 alleging that defendant, a correction officer at Graterford State Prison and former defendant, Superintendent of the Prison Julius Cuyler, deprived plaintiff of his rights to procedural due process as guaranteed by the Fourteenth Amendment and his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment.

On July 29, 1983, I granted summary judgment in favor of defendant Cuyler on

**Charles J. BORRELLI**

v.

**David ASKEY.**

**Civ. A. No. 82–4634.**

United States District Court,
E.D. Pennsylvania.

Feb. 16, 1984.

the grounds that the complaint alleged no personal involvement or knowledge on behalf of Cuyler, and I refused to grant defendant Askey's motion for summary judgment because he had not filed affidavits in support of his motion. That ruling necessarily dismissed the § 1985 claim for two reasons. First, a conspiracy requires two or more actors. And, second, the complaint alleged no class-based discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

Defendant Askey has now moved once more for summary judgment on separate grounds, this time supporting his motion with the proper affidavits. I will grant the defendant's motion in part and deny it in part. The complaint alleged that defendant Askey refused to allow plaintiff to take his prescription eyeglasses, clothing and hygienic items with him to state prison in New Jersey when plaintiff was transferred there. It further alleged that plaintiff suffered visual impairment, physical stress, migraine headaches and other physical reactions as a result.

### Eighth Amendment Claim

Plaintiff's Eighth Amendment claim must rest, if at all, on the theory that by refusing to allow plaintiff to take his eyeglasses with him when he was transported to New Jersey, defendant was deliberately indifferent to plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Defendant has filed the affidavit of Dr. Wayne Morris, a licensed optometrist who examined Borrelli's vision in April, 1981 before plaintiff was transferred to New Jersey and again in November, 1981 after plaintiff returned to Graterford. Dr. Morris avers that he found a very slight visual impairment during the April examination and prescribed eyeglasses. Dr. Morris's affidavit also states that in his practice he has seen numerous patients with similar readings who have not worn eyeglasses and who have not sustained visual deterioration or other physical difficulties as a result. His affidavit states further that

the only possible consequences of plaintiff's not using his prescribed eyeglasses were mild headaches and mild tension. According to the affidavit, as a result of the November, 1981 eye examination, which also showed a very slight visual impairment, Dr. Morris prescribed eyeglasses for the plaintiff again. Although the November prescription, which is attached to the affidavit, differs slightly from the earlier April prescription, the affiant avers that the November examination continued to show a very slight visual impairment and that in his practice he had seen a substantial number of patients with similar readings who had not worn eyeglasses and had not sustained any visual impairment or physical difficulties. In his professional opinion, the affiant states that even if he assumes that the plaintiff went without his glasses from April until October, 1981, and was at the time of the affidavit still without his glasses in December, 1983, plaintiff's vision would not deteriorate "nor would he suffer any significant physical distress such as headaches, tension and nausea."

This opinion of a licensed optometrist who examined plaintiff after his return from New Jersey and the attached prescriptions refute the conclusory statement in plaintiff's affidavit that he has suffered a severe permanent visual impairment.

Thus, even when I view the facts in the light most favorable to the plaintiff and construe his *pro se* affidavit liberally to aver that Askey intentionally deprived the plaintiff of the use of his eyeglasses, I find that the deprivation does not rise to a violation of the Eighth Amendment. Clearly, Dr. Morris's affidavit refutes any claim of "serious medical need."

Therefore, I will dismiss plaintiff's Eighth Amendment claim.

### Fourteenth Amendment Claim

Plaintiff's affidavit appears to aver that Askey intentionally deprived the plaintiff of his personal property. Because the Third Circuit has not extended the analysis of *Parratt v. Taylor,* 451 U.S. 527, 101

S.Ct. 1908,. 68 L.Ed.2d 420 (1981), to intentional deprivation of property, I will deny defendant's motion on the due process claim.